UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF TENNESSEE
NASHVILLE DIVISION

LINCOLN RYMER,

    Plaintiff,

v.

ROBERT LEMASTER, et al.,

    Defendants.

_____/

Case No. 16-02711
Honorable Victoria A. Roberts
Magistrate Judge Jeffery S. Frensley

### **ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION [Doc. 122]; (3) GRANTING DEFENDANT OLDHAM'S MOTION TO DISMISS [Docs. 34/81]; and (4) DISMISSING HIM FROM THE CASE**

On August 30, 2017, Magistrate Judge Jeffery S. Frensley issued a Report and Recommendation ("R&R") [Doc. 122], recommending that Defendant Roger Oldham's Motion to Dismiss [Doc. 34/81] be GRANTED and that Oldham be DISMISSED from the case. Plaintiff objects to the R&R. [Docs. 123/124].

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

Magistrate Judge Frensley concluded that the Court does not have jurisdiction to hear Plaintiff's claims based on his alleged wrongful conversion to Christianity under the

ecclesiastical abstention doctrine. Specifically, he found that because Plaintiff's claims against Oldham, a Baptist minister, turn on the veracity of Oldham's religious counseling and statements of faith allegedly professed by him to Plaintiff, analysis of those claims could not be done on secular or neutral grounds, but would inherently involve examination of faith, beliefs, and religious doctrine – which is impermissible under the ecclesiastical abstention doctrine.

Regarding Plaintiff's claims that Oldham was a co-conspirator with the other defendants, Magistrate Judge Frensley concluded that Plaintiff's allegations failed to satisfy the general pleading requirements set forth by *Twombly* and *Iqbal*, because the allegations were conclusory and fail to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff makes several objections to the R&R. However, after a *de novo* review of Plaintiff's allegations, the parties' briefs, the R&R's findings and conclusions, and the governing law, the Court finds that Plaintiff's objections lack merit.

The Court agrees with Magistrate Judge Frensley's findings and conclusions. He accurately laid out the facts and considered all of Plaintiff's allegations, and he set forth the applicable law in depth. His conclusions are well supported.

The Court **OVERRULES** Plaintiff's objections [Docs. 123/124] and **ADOPTS** Magistrate Judge Frensley's R&R [Doc. 122].

Oldham's Motion to Dismiss [Docs. 34/81] is **GRANTED**, and he is **DISMISSED** from the case.

**IT IS ORDERED**.

                                                        <u>S/Victoria A. Roberts</u>
                                                       Victoria A. Roberts
                                                       United States District Judge
                                                       Sitting by Special Designation

Dated: October 4, 2017